**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DETROIT CARPENTERS**
**FRINGE BENEFIT FUNDS,**

      **Plaintiffs,**                      CIVIL ACTION NO. 18-cv-10932

      v.                                DISTRICT JUDGE LINDA V. PARKER

**CRAWFORD PILE DRIVING, LLC,**    MAGISTRATE JUDGE MONA K. MAJZOUB
**and TODD A. CRAWFORD,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this action against Defendants on March 21, 2018 for "(1) delinquent fringe benefits, liquidated damages, prejudgment interest, Fees and Costs, for the audit period January 1, 2014, through February 28, 2017, (2) violation of the Michigan Builders Trust Act by retaining, using or appropriating funds held in trust pursuant to the Michigan Builders Trust Act for purposes other than the payment of fringe benefit contributions accrued for the benefit of the individual carpenters employed by Crawford Pile Driving, LLC or to pay other valid Builders Trust Fund claims and (3) violation of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1001 et seq., for failure to turn over plan assets when due and using plan assets for purposes other than payment to the Funds and thereby breaching their fiduciary duties." (Docket no. 1; docket no. 17 at 2.)

In a March 5, 2019 Opinion and Order, the Court granted a Motion to Compel filed by Plaintiffs and ordered Defendants to pay the reasonable expenses and attorney's fees that Plaintiffs incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (Docket no. 23.)

Plaintiffs submitted the instant Motion for Attorney Fees and Costs pursuant to the Court's Order, on March 6, 2019. (Docket no. 24.) The Court now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

## I. RECOMMENDATION

It is recommended that Plaintiffs be awarded attorney's fees in the amount of $814.00, payable by Defendants to Plaintiffs' counsel within twenty-one (21) days.

## II. REPORT

### A. Procedural History

On July 19, 2018, Plaintiffs served Defendants with Requests for Admission, Interrogatories, and Requests for Document Production. (Docket no. 17 at 2, 9; docket no 17-2.) On August 31, 2018, Defendants served Plaintiffs with their Rule 26 Initial Disclosures and indicated that they would be providing responses to Plaintiffs' discovery requests within the next two weeks. (Docket no. 17 at 2, 9; docket no. 17-3.) Defendants failed to serve written responses or objections to the discovery requests, and Defendants' counsel failed to respond to Plaintiffs' counsel's subsequent communications regarding the discovery requests. (Docket no. 17 at 2-3, 9, 10; docket no. 17-4.) Plaintiffs therefore filed a Motion to Compel Discovery on October 8, 2018, seeking an order compelling Defendants to respond to Plaintiffs' discovery requests and produce the requested documents, deeming Plaintiffs' Requests for Admission admitted, and awarding Plaintiffs the attorney's fees that they incurred in filing the Motion. (Docket no. 17.) Defendants did not respond to Plaintiffs' Motion. The Court granted Plaintiffs' Motion on March 5, 2019, and (1) ordered Defendants to provide full and complete responses to Plaintiffs' Interrogatories and produce all documents responsive to Plaintiffs' Requests for Document Production, without objection; (2) deemed the matters in Plaintiffs' Requests for Admission admitted; (3) ordered

Defendants to pay the reasonable expenses and attorney's fees incurred by Plaintiffs as a result of bringing the Motion; and (4) ordered Plaintiffs to submit a Bill of Costs that itemizes their reasonable expenses and attorney's fees and is supported by an affidavit of counsel that meets the requirements of Eastern District of Michigan Local Rule 54.1.2(b). Pursuant to the Court's Order, Plaintiffs submitted the instant Motion for Attorney Fees and Costs along with the required affidavit and an itemized billing invoice seeking a total of $1,091.50 in attorney's fees for 5.9 hours of work. (Docket no. 24; docket no. 24-1.) Defendants have not filed an objection.

### B.   Attorney's Fees Standard

Rule 37(a)(5)(A) authorizes the court to order the payment of the "reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To calculate a reasonable attorney's fee award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994) (citing *Louisville Black Police Officers Organization v. City of Louisville,* 700 F.2d 268, 277–78 (6th Cir. 1983)). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). The court may also consider several factors in calculating the basic lodestar fee and/or adjustments thereto: "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client

3

or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 n.8 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471-72 n.3 (6th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974))).

The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

**C.     Analysis**

Plaintiffs' counsel asserts that Plaintiffs incurred attorney's fees in the amount of $1,091.50 for 5.9 hours of legal work at a rate of $185.00 per hour as a result of bringing the Motion to Compel. (Docket no. 24; docket no. 24-1.) Plaintiff's counsel asserts that his requested hourly rate of $185.00 is reasonable in light of the local market rates charged by attorneys with comparable experience in his practice area. (Docket no. 24-1 at 3-4.) Indeed, the requested rate of $185.00 per hour falls significantly below the median hourly billing rates for attorneys who, like Plaintiffs' counsel, have 16 to 25 years of experience ($253.00), have an office in Oakland

4

County south of M-59 ($275.00), and practice business/commercial litigation ($295.00).  *See* 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (published 2018), *available at* https://www.michbar.org/file/pmrc/articles/0000153.pdf.  Accordingly, the undersigned finds that Plaintiffs' counsel's hourly rate is reasonable.

With regard to the number of hours expended, Plaintiffs' counsel asserts that he spent 5.9 hours on tasks such as corresponding with defense counsel regarding Defendants' delinquent discovery responses, reviewing the court's practice guidelines regarding discovery disputes, conferring with defense counsel and the court in accordance with those guidelines, drafting the Motion to Compel, drafting a proposed Order to Compel, seeking concurrence from Defendants prior to filing the Motion, and filing the Motion.  (Docket no. 24-1 at 8.)  Having reviewed counsel's itemized billing invoice, the undersigned finds that some of the time spent is unreasonable and recommends reductions to two of the billing entries as follows:

- On October 2, 2018, Plaintiffs' counsel spent 2.5 hours conferring with the court and defense counsel regarding the discovery dispute, receiving and reviewing correspondence from the court regarding authority to file the Motion to Compel, and drafting and preparing the Motion to Compel and a brief in support.  This amount of time is unreasonable in light of the short length and perfunctory nature of the Motion, which did not require or contain any complex legal analysis.  It is therefore recommended that the amount of compensable time expended in this regard be reduced by 1 hour to a reasonable amount of 1.5 hours.

- On October 3, 2018, Plaintiffs' counsel spent 1.5 hours on revising the Motion to Compel and gathering its exhibits, drafting and preparing a proposed Order to Compel, and drafting and preparing correspondence to seek concurrence from Defendants.  Because the preparation and submission of a proposed order is not required by this court's practice guidelines (and in fact is a practice routinely utilized in state courts), the time spent by Plaintiffs' Counsel on that task was unnecessary.  This billing entry should be reduced by 0.5 hours accordingly.

For the reasons stated above, it is recommended that Plaintiffs be awarded attorney's fees in the amount of $814.00 for 4.4 hours of legal work at an hourly rate of $185.00.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 15, 2019          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: May 15, 2019                          s/ Leanne Hosking
                                                      Case Manager