UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DETROIT CARPENTERS**
**FRINGE BENEFIT FUNDS,**

        **Plaintiffs,**                       **CIVIL ACTION NO. 18-cv-10932**

        v.                              **DISTRICT JUDGE LINDA V. PARKER**

**CRAWFORD PILE DRIVING, LLC,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**and TODD A. CRAWFORD,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this action against Defendants on March 21, 2018 for "(1) delinquent fringe benefits, liquidated damages, prejudgment interest, Fees and Costs, for the audit period January 1, 2014, through February 28, 2017, (2) violation of the Michigan Builders Trust Act by retaining, using or appropriating funds held in trust pursuant to the Michigan Builders Trust Act for purposes other than the payment of fringe benefit contributions accrued for the benefit of the individual carpenters employed by Crawford Pile Driving, LLC or to pay other valid Builders Trust Fund claims and (3) violation of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1001 et seq., for failure to turn over plan assets when due and using plan assets for purposes other than payment to the Funds and thereby breaching their fiduciary duties." (Docket no. 1; docket no. 17 at 2.)

After Defendants' repeated failure to comply with this Court's discovery Orders, and on Plaintiffs' Petition for Order to Show Cause, the Court ordered Defendants to appear and show cause at a hearing on May 14, 2019, as to why they should not be held in civil contempt of court

or otherwise sanctioned. (Docket nos. 30, 36.) Defendants produced some discovery prior to the hearing but did not sufficiently show cause for their failure to produce all of the discovery requested in accordance with the Court's Orders. Pursuant to a May 15, 2019 text-only order, Plaintiffs have submitted a Bill of Costs and an affidavit regarding their reasonable expenses and attorney's fees related to their Petition for Order to Show Cause. (Docket no. 38.) The Court now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(e)(6)(B).

## I.    RECOMMENDATION

For the reasons stated herein, it is recommended that:

(1) Defendants be adjudged in civil contempt of court for their failure to comply with the Court's March 5, 2019 and March 26, 2019 discovery orders;

(2) Defendants be ordered to pay the reasonable expenses and attorney's fees incurred by Plaintiffs in filing their Petition for Order to Show Cause and participating in the court proceedings related thereto, in the amount of $560.00; and

(3) Defendants be ordered to immediately produce any outstanding discovery responsive to Plaintiffs' July 19, 2018 discovery requests, without objection, or face additional, and possibly more severe, sanctions.

## II.   REPORT

### A.   Governing Law

Federal Rule of Civil Procedure 37(b)(2)(A) provides a non-inclusive list of sanctions that a court may impose against a party who fails to obey a discovery order. Those sanctions include:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;

      (iv)      staying further proceedings until the order is obeyed;
      (v)       dismissing the action or proceeding in whole or in part;
      (vi)      rendering a default judgment against the disobedient party; or
      (vii)     treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition to, or instead of, the sanctions listed above, the court must order the disobedient party, its attorney, or both to pay the reasonable expenses, including attorney's fees, incurred as a result of the failure to comply with the discovery order, unless the failure was substantially justified or other circumstances would make such an award unjust. Fed. R. Civ. P. 37(b)(2)(C).

It is within the court's sound discretion whether to hold an individual in contempt, but such a sanction "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir. 2003). Moreover, when contempt is sought by a party, the party seeking contempt must demonstrate by clear and convincing evidence that the individual "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *M & C Corp. v. Erwin Behr GmbH & Co.*, 289 F. App'x 927, 935 (6th Cir. 2008) (internal quotations omitted). Where it is established that a party has violated a court order, the burden shifts to that party to demonstrate an inability to comply with the order. *U.S. v. Rylander*, 460 U.S. 752, 757 (1983); *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007).

"Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B)." *U.S. v. Hendrickson*, No. 06-11753, 2010 WL 2318770, at *1 (Apr. 16, 2010). This section provides as follows:

3

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

### B.   Certified Facts

The undersigned certifies the following facts in accordance with 28 U.S.C. § 636(e)(6)(B):

1. On July 19, 2018, Plaintiffs served Defendants with Requests for Admission, Interrogatories, and Requests for Document Production. (Docket no. 17 at 2, 9; docket no 17-2.)

2. On August 31, 2018, Defendants served Plaintiffs with their Rule 26 Initial Disclosures and indicated that they would be providing responses to Plaintiffs' discovery requests within the next two weeks. (Docket no. 17 at 2, 9; docket no. 17-3.)

3. Defendants failed to serve written responses or objections to the discovery requests, and Defendants' counsel failed to respond to Plaintiffs' counsel's subsequent communications regarding the discovery requests. (Docket no. 17 at 2-3, 9, 10; docket no. 17-4.)

4. Plaintiffs therefore filed a Motion to Compel Discovery on October 8, 2018, seeking an order compelling Defendants to respond to Plaintiffs' discovery requests and produce the requested documents, deeming Plaintiffs' Requests for Admission admitted, and awarding Plaintiffs the attorney's fees that they incurred in filing the Motion. (Docket no. 17.)

5. Defendants did not respond to Plaintiffs' Motion.

6. The Court granted Plaintiffs' Motion on March 5, 2019, and (a) ordered Defendants to provide full and complete responses to Plaintiffs' Interrogatories and produce all documents responsive to Plaintiffs' Requests for Document Production, without objection, within twenty-one days; (b) deemed the matters in Plaintiffs' Requests for Admission admitted; (c) ordered Defendants to pay the reasonable expenses and attorney's fees incurred by Plaintiffs as a result of bringing the Motion; and (d) ordered Plaintiffs to submit a Bill of Costs that itemized their reasonable expenses and attorney's fees. (Docket no. 23.)

7. On March 26, 2019, the Court entered a text-only order extending Defendants' production deadline by one week, to April 2, 2019.

8. On April 10, 2019, having not received any of the ordered discovery responses from Defendants, Plaintiffs filed a Petition for Order to Show Cause. (Docket no. 30.) In the Petition, Plaintiffs asked the court to enter an order directing Defendant Crawford to appear before the court and show why (a) he should not be adjudged in civil contempt of court; (b) the court should not issue an order imposing a daily fine against Defendant Crawford or provide for his confinement in jail until he obeys the Court's March 5, 2019 Order; (c) costs should not be taxed against Defendants; (d) the court should not enter a default judgment against Defendants for the full amount alleged in Plaintiffs' Complaint; and (e) Plaintiffs should not receive additional or alternate relief as the court deems appropriate.

9. On May 2, 2019, the Court held a telephonic status conference with Plaintiffs' and Defendants' counsel with regard to Plaintiffs' Petition for Order to Show Cause. (*See* docket no. 35.) During the call, Defendants' counsel indicated that he had spent the previous day with his clients gathering documents and the previous evening scanning those documents. He informed that Defendants would produce a large portion of documents in the afternoon of May 2, 2019, more documents on May 3, 2019, and the rest of the documents by May 10, 2019. He did not, however, adequately explain his or his clients' non-responsiveness to Plaintiffs' counsel's communications, Plaintiffs' Petition, Plaintiffs' Motion, or Plaintiffs' discovery requests. The Court asked counsel to advise if and when production of the outstanding discovery was complete but still set the matter for a show cause hearing on May 14, 2019.

10. The Court proceeded with the Show Cause Hearing on May 14, 2019, at 9:30 a.m., at which Plaintiffs' counsel, Defendants' counsel, and Defendant Crawford appeared.

11. At the hearing, Plaintiffs' counsel indicated that he received a zip drive and some documents responsive to Plaintiffs' discovery requests in the late afternoon of May 10, 2019, but that he did not receive any check registers, account ledgers, general ledgers, accounts receivable ledgers, accounts payable ledgers, project ledgers, financial reports, or profit and loss statements as requested. Plaintiffs' counsel acknowledged Defendants' assertion that they do not maintain any accounting ledgers, but argued that the tax returns produced by Defendants show gross receipts of $1.3 million and a very detailed breakdown of deductions and expenses, which counsel argued had to have come from some sort of accounting ledger. Counsel additionally argued that Defendants could obtain copies of the checks requested (dated from 2015-2017) from their bank, which would provide the same information as a check register.

12. Defendants' counsel responded that most of the items specified by Plaintiffs' counsel simply do not exist, explaining that Defendant Crawford Pile Driving does not create or maintain a general ledger, an accounts receivable ledger, an accounts payable ledger, project ledgers, profit and loss statements, or balance sheets. He asserted that what financial statements there may be are contained within the tax returns already produced,

5

      as the accountant has to recreate those statements from the raw data submitted by Defendant Crawford. He reiterated that Defendant Crawford Pile Driving does not create or maintain those documents and argued that Defendants cannot produce what does not exist. He also confirmed that Defendants have stated the same in their written responses to Plaintiffs' discovery requests.

13. Plaintiffs' counsel acknowledged receiving those written responses from Defendants but argued that at the very least, Defendants could produce copies of the checks for the years in question.

14. When questioned by the Court regarding the copies of checks, Defendants' counsel indicated that neither he nor Defendants had made an inquiry to the bank regarding how to obtain copies of those checks. Counsel also expressed some concern regarding the expense of obtaining those checks and questioned the relevance of all of the checks requested to Plaintiffs' claims.

15. After a brief discussion of the written discovery request for the checks, and the relevance of those checks to the claims, the Court reminded Defendants and Defendants' counsel that because they failed to respond to the discovery requests and to the Motion to Compel, they waived any argument or objections to the discovery requests and have been ordered by the Court to produce what was requested.

16. The Court also reminded Defendants that the Show Cause Hearing was the date and time for Defendants to come forward and explain their failure to produce the items as ordered by the Court, and the Court found that Defendants had failed to do so.

17. Defendants' counsel stated for the record that there was no contumacious intent on Defendants' part and apologized to Plaintiffs and the Court for the delays.

18. The Court then informed Defendants that by virtue of their failures to respond timely with regard to the motion practice and the discovery requests, and by coming to court having not fully complied with the Court's Orders, that they are in a position in which they are exposed to sanctions.

19. The Court then indicated that it would take the matter under advisement and dispose of it through a report and recommendation.

**C.     Analysis**

      The certified facts outlined above support a finding of contempt and an award of attorney's fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (C). Defendants were properly served with Plaintiffs' discovery requests on July 19, 2018, and they failed to respond to those discovery requests, failed to respond to Plaintiffs' Motion to Compel, failed to comply with the

Court's March 5, 2019 and March 26, 2019 discovery orders, and failed to respond to Plaintiffs' Petition for Order to Show Cause.  Defendants did not begin producing documents responsive to Plaintiffs' July 2018 discovery requests until May 2019, when it became necessary to face the Court and provide a verbal explanation for their failure to provide discovery in accordance with the Court's Orders.  Even then, Defendants came to the show cause hearing having not fully complied with the Court's Orders, as they did not produce nor even explore obtaining the check copies as ordered by the Court.  Defendants failed to provide any explanation or show good cause for their failure to comply with the Court's Orders or act in accordance with the Federal Rules of Civil Procedure, and they should be sanctioned accordingly.

Plaintiffs indicate that they incurred attorney's fees in the amount of $660.00 for 3.3 hours of legal work at a rate of $200.00 per hour in filing their Petition for Order to Show Cause, participating in the May 2, 2019 telephonic status conference, and attending the May 14, 2019 show cause hearing. (Docket no. 38.)  Having reviewed Plaintiffs' itemized billing summary (docket no. 38-3), the Court finds that the number of hours spent by Plaintiffs' counsel on these matters is reasonable, except for the time spent preparing a proposed Order to Show Cause.[1]  The Court also finds that Plaintiffs' counsel's requested hourly rate is reasonable.  While counsel previously requested a rate of $185.00 per hour for legal work performed in relation to Plaintiffs' Motion to Compel, the now-requested rate of $200.00 per hour continues to fall significantly below the median hourly billing rates for attorneys who, like Plaintiffs' counsel, have 16 to 25 years of experience ($253.00), have an office in Oakland County south of M-59 ($275.00), and practice business/commercial litigation ($295.00).  *See* 2017 Economics of Law Practice Attorney Income

---

[1] As the Court explained in its May 15, 2019 Report and Recommendation regarding Plaintiffs' Motion for Attorney Fees and Costs, the time spent on preparing a proposed order is unnecessary because the preparation and submission thereof is not required by this Court's practice guidelines (and in fact is a practice routinely utilized in state courts).

and Billing Rate Summary Report, State Bar of Michigan (published 2018), *available at* https://www.michbar.org/file/pmrc/articles/0000153.pdf. Therefore, it is recommended that Defendants be directed to reimburse Plaintiffs for their reasonable attorney's fees in the amount of $560.00 for 2.8 hours of work at $200.00 per hour.

### D. Conclusion

For the reasons set forth above,

(1) Defendants should be adjudged in civil contempt of court for their failure to comply with the Court's March 5, 2019 and March 26, 2019 discovery orders;

(2) Defendants should be ordered to pay the reasonable expenses and attorney's fees incurred by Plaintiffs in filing their Petition for Order to Show Cause and participating in the court proceedings related thereto, in the amount of $560.00; and

(3) Defendants should be ordered to immediately produce any outstanding discovery responsive to Plaintiffs' July 19, 2018 discovery requests, without objection, or face additional, and possibly more severe, sanctions.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  June 21, 2019                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  June 21, 2019                    s/ Leanne Hosking
                                         Case Manager