UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT CARPENTERS
FRINGE BENEFIT FUNDS,

    Plaintiff,

v.

Civil Case No. 18-10932
Honorable Linda V. Parker

CRAWFORD PILE DRIVING, LLC,
and TODD A. CRAWFORD,

    Defendants.
_____/

## OPINION & ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 64)

Plaintiff Detroit Carpenters Fringe Benefit Funds ("Plaintiff" or "Funds") filed this suit against Defendants Crawford Pile Driving, LLC and Todd A. Crawford, alleging violation of (i) the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to turn over plan assets when due and using plan assets for purposes other than payment to the Funds and thereby breaching their fiduciary duties and (ii) the Michigan Builders Trust Fund Act ("MBTFA"), Mich. Comp. Laws Ann. § 570.151 *et seq.*, by retaining, using, or appropriating funds held in trust for purposes other than the payment of fringe benefit contributions accrued for the benefit of the individual carpenters employed by Defendants or to pay other valid Builders Trust Fund claims.  (Compl., ECF

No. 1 at Pg. ID 3-9.) This matter is before the Court on Plaintiff's Motion for Summary Judgment filed on March 19, 2020. (ECF No. 64.) Plaintiff seeks summary judgment as to its ERISA claim and requests damages including outstanding fringe benefits, liquidated damages, prejudgment interest, and attorneys' fees and costs. For the reasons set forth below, the Court grants Plaintiff's motion.

## BACKGROUND

### *Factual Background*

The Detroit Carpenters Fringe Benefit Funds, a voluntary association, consists of representatives and agents of various funds, each of which is a trust fund established pursuant to the Labor-Management Relations Act of 1947 ("LMRA"), as amended by 29 U.S.C. § 141 *et seq*., and ERISA, as amended by 29 U.S.C. § 1001 *et seq*. (Compl., ECF No. 1 at Pg. ID 2.) Plaintiff is a trustee of the funds, on whose behalf, and on behalf of whose beneficiaries, this action is filed. (*Id.*)

Defendants, who engaged in the business of commercial construction contracting, entered into a collective bargaining agreement ("CBA") with a union.[1]

---

[1] Plaintiff contends that Defendants entered into the CBA with the Michigan Regional Council of Carpenters and Construction Association of Michigan, the successor to the Carpenters District Council of Detroit, (*see* ECF No. 64 at Pg. ID 443), while Defendants contend that they entered into the CBA with the United Brotherhood of Carpenters and Joiners of America and that Detroit Carpenters

2

The CBA requires Defendants to make payments constituting employee benefits earned by Defendants' employees who were either members, or fell within the jurisdiction, of the union.  (*Id.* at Pg. ID 467-68.)  The parties agree that these payments were to be paid to Plaintiff.  (*Id.* at Pg. ID 468.)  Pursuant to the CBA, Defendants submitted their books and records to Plaintiff for an accounting to verify the accuracy of the contributions made to Plaintiff.

On May 31, 2017, Plaintiff determined a deficiency for fringe benefits paid in the amount of $36,459.88 for the period January 1, 2014 through February 28, 2017 ("First Audit" and "First Audit Period").  (Whatley Aff., ECF No. 64-6 at Pg. ID 601.)  In addition, Plaintiff determined that outstanding liquidated damages totaled $7,291.97 and prejudgment interest totaled $19,580.41.  (*Id.* at Pg. ID 602.)

Plaintiff also determined a deficiency for fringe benefits paid in the amount of $154,432.31 for the period August 1, 2017 through July 31, 2018 ("Second Audit" and "Second Audit Period").  (*Id.* at Pg. ID 603.)  In addition, Plaintiff determined that outstanding liquidated damages totaled $30,886.46 and prejudgment interest totaled $43,738.31.  (*Id.* at Pg. ID 603-04.)

---

Union is either an intended beneficiary of the CBA or a direct party to the CBA, (ECF No. 64-3 at Pg. ID 467-68).

As of the day Plaintiff filed its Motion for Summary Judgment, Defendants have not paid the amount owed for either audit period. (Whatley Aff., ECF No. 64-6.)

### *Procedural Background*

Plaintiff filed a complaint on March 21, 2018, seeking the amount owed under the First Audit Period. (Compl., ECF No. 1.) On November 21, 2018, Plaintiff filed another complaint against Defendants, seeking the same for the amount owed under the Second Audit Period. (*See* No. 2:18-cv-13642.) The two cases were consolidated on March 19, 2019. (ECF No. 27.)

Defendants' actions (and inactions) have made the discovery process less than smooth. On August 8, 2019, Defendants were (i) adjudged in civil contempt of court for their failure to comply with the Court's March 5 and 26, 2019 discovery orders; (ii) ordered to pay the reasonable expenses and attorneys' fees incurred by Plaintiff in filing its Petition for Order to Show Cause and participating in the court proceedings related thereto; and (iii) ordered to immediately produce any outstanding discovery responsive to Plaintiff's July 19, 2018 discovery requests, without objection, or face additional, and possibly more severe, sanctions. (Order, ECF No. 42.)

On December 13, 2019, Plaintiff filed a Motion to Compel Defendants to appear for depositions. (ECF No. 51 at Pg. ID 340.) On February 12, 2020, the

Court entered a Stipulated Discovery Order Regarding Deposition by Written Questions ("Discovery Order"), which resolved Plaintiff's Motion to Compel. (ECF No. 62.) The Discovery Order stated that "Defendants shall be deemed to have admitted the Plaintiffs' fringe benefit contribution calculations set forth in their [First and Second] [A]udits are accurate if they fail to respond to the Deposition By Written Questions with specific responses supported by specific documentary evidence on or before Friday, February 28, 2020." (*Id*. at Pg. ID 431-32.) Defendants did not respond to the Deposition by Written Questions. (Fisher Aff., ECF No. 64-8.)

On March 19, 2020, Plaintiff filed a Motion for Summary Judgment. (ECF No. 64.) More than 21 days elapsed, yet Defendants had not responded to the motion. *See* E.D. MICH. L.R. 7.1(e)(1)(B). On April 13, the Court ordered that Defendants shall show cause, in writing, no later than April 20, why Plaintiff's motion should not be granted. (ECF No. 66.) The Court noted that, in the event Plaintiff failed to timely respond to the order, the Court would decide Plaintiff's motion promptly. (*Id.* at Pg. ID 636-37.) Defendants did not respond to the Court's order.

## LEGAL STANDARD

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material

5

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255 (citation omitted).

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion,

6

"including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Notably, the trial court is not required to construct a party's argument from the record or search out facts from the record supporting those arguments. *See, e.g., St. v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

## APPLICABLE LAW & ANALYSIS

### *(i) Defendants' Liability*

Pursuant to ERISA, a district court has jurisdiction over an action brought by benefit plan trustees to enforce an employer's obligation to make fringe benefit contributions. *See* 29 U.S.C. §§ 1132(E)(1), 1145; *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 546-47 (1988). According to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

Defendants have not filed a response to Plaintiff's motion and have failed to offer evidence contesting Plaintiff's factual assertions. *See Street v. J.C. Bradford*

*& Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) ("The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'"). The Court's review of the record reveals no evidence that would cast doubt on Plaintiff's assertions regarding Defendants' failure to pay contributions.

The Court, therefore, finds that Plaintiff is entitled to summary judgment against Defendants. *See Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006) (finding the district court "properly granted summary judgment because the Appellant failed to meet his Rule 56 burden" when appellant "did not properly respond to the arguments asserted" by appellees and therefore abandoned his claim); *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.").

### *(ii) Damages*

Plaintiff seeks judgment in the amount of $317,529.63 plus attorneys' fees and costs. (ECF No. 64 at Pg. ID 452.) 29 U.S.C. § 1132(g)(2) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce [29 U.S.C. § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan –

8

>> (A) <u>the unpaid contributions</u>,
>> (B) <u>interest on the unpaid contributions</u>,
>> (C) <u>an amount equal to the greater of</u> –
>>> (i) <u>interest on the unpaid contributions</u>, or
>>> (ii) <u>liquidated damages</u> provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>> (D) <u>reasonable attorney's fees and costs</u> of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.

Plaintiff seeks a total of $190,892.19 in unpaid contributions for the First Audit Period ($36,459.88) and Second Audit Period ($154,432.31) as of March 1. (ECF No. 64 at Pg. ID 452.) This amount is supported by the affidavit of Kem Whatley, an auditor at the firm Stefanksy, Holloway & Nichols, Inc., (ECF No. 64-6 at Pg. ID 601, 603), and Defendants admitted the accuracy of these calculations by failing to respond to the February 12 Discovery Order. (*See supra*.)

Plaintiff asks for a total of $63,318.72 in interest on the unpaid contributions ($19,580.41 for the First Audit Period and $43,738.31 for the Second Audit Period) as of March 1. (ECF No. 64 at Pg. ID 450.) The interest award is also supported by the Whatley Affidavit. (ECF No. 64-6 at Pg. ID 602-03.)

Plaintiff requests attorneys' fees and costs and "will provide the Court with a breakdown of work performed, hours, and hourly rates prior to entry of a final judgment on all claims in this matter." (ECF No. 64 at Pg. ID 451.)

9

Regarding liquidated damages, the CBA provides that "[t]he Employer shall pay liquidated damages equal to .055% of the outstanding delinquent amount for each day it is late, up to a total of 20% of such delinquency." (ECF No. 64-9 at Pg. ID 631.) According to the Whatley Affidavit, as of March 1, liquidated damages for the First Audit Period totaled $7,291.97 and liquidated damages for the Second Audit Period totaled $30,886.46. (ECF No. 64-6 at Pg. ID 602, 604.) Because the total amount of interest on the unpaid contributions ($63,318.72) is greater than total amount of liquidated damages ($38,178.43), Plaintiff requests an amount equal to the former per § 1132(g)(2)(C).

## CONCLUSION

After examining each component of the judgment award sought by Plaintiff in light of the evidence submitted and considering that Defendants have not contested Plaintiff's evidence or calculations as related to the judgment award, the Court grants Plaintiff's Motion for Summary Judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 64) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants are liable to Plaintiff for unpaid contributions in the total amount of $190,892.19, pursuant to § 1132(g)(2)(A);

**IT IS FURTHER ORDERED** that Defendants are liable to Plaintiff for interest on the unpaid contributions in the total amount of $63,318.72, pursuant to § 1132(g)(2)(B);

**IT IS FURTHER ORDERED** that Defendants are liable to Plaintiff for an amount equal to the interest on the unpaid contributions totaling $63,318.72, pursuant to § 1132(g)(2)(C);

**IT IS FURTHER ORDERED** that Defendants are liable to Plaintiff for attorneys' fees and costs, pursuant to § 1132(g)(2)(D);

**IT IS FURTHER ORDERED** that Plaintiff shall submit to the Court, within **seven (7) days** of this Opinion and Order, (i) documentation setting forth and supporting its reasonable attorneys' fees and costs and (ii) a proposed final judgment for the Court's consideration;

**IT IS FURTHER ORDERED** that, within **seven (7) days** of this Opinion and Order, Plaintiff may voluntarily dismiss its MBTFA claim. If Plaintiff elects not to do so, the Court will consider whether to decline supplemental jurisdiction before proceeding with litigation of the claim.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 23, 2020