UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT CARPENTERS
FRINGE BENEFIT FUNDS,

    Plaintiff,

v.

Civil Case No. 18-10932
Honorable Linda V. Parker

CRAWFORD PILE DRIVING, LLC,
and TODD A. CRAWFORD,

    Defendants.
_____/

## OPINION & ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS (ECF NO. 69)

Plaintiff Detroit Carpenters Fringe Benefit Funds filed this suit against Defendants Crawford Pile Driving, LLC and Todd A. Crawford, alleging violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Michigan Builders Trust Fund Act ("MBTFA"), Mich. Comp. Laws Ann. § 570.151 *et seq*. (Compl., ECF No. 1 at Pg. ID 3-9.)

Plaintiff subsequently moved for summary judgment as to its ERISA claim and requested damages including outstanding fringe benefits, liquidated damages, prejudgment interest, and attorneys' fees and costs. (ECF No. 64.) In an Opinion and Order entered on April 23, 2020, the Court granted Plaintiff's motion. (ECF No. 67.) Plaintiff thereafter voluntarily dismissed its MBTFA claim and submitted

documentation setting forth and supporting its reasonable attorneys' fees and costs. (ECF Nos. 68, 69.) This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Court's April 23, 2020 Opinion and Order. (ECF No. 69.) For the reasons set forth below, the Court grants Plaintiff's motion.

When determining what constitutes a "reasonable" fee award, the Sixth Circuit has held that district courts should begin by calculating the applicant's "lodestar" figure. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). In doing so, the number of hours reasonably spent is multiplied by a reasonable hourly rate in the community for similar work. *Id.* "The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

After the lodestar is determined, the district court may adjust the lodestar if it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). The factors that may be considered in determining adjustments include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the

2

> amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

Plaintiff's counsel has represented Plaintiff in the above-captioned case since March of 2018. From March 1, 2018 through February 28, 2019, Plaintiff's counsel billed 39 hours at a rate of $185.00 per hour and incurred $1,017.75 in costs. (ECF No. 69-2 at Pg. ID 674-86.) From March 1, 2019 through March 31, 2020, Plaintiff's counsel billed 202.5 hours at a rate of $200.00 per hour and incurred $55.75 in costs. (*Id.* at Pg. ID 687-711.) These fees and costs total $48,728.50. Plaintiff seeks $47,354.51 in attorneys' fees and costs, which includes $48,728.50 less a credit in the amount of $1,374.00 applied on June 24, 2019. (*Id.* at Pg. ID 693.)

Given the experience of Plaintiff's counsel (who has served as counsel for Plaintiff for over 25 years) and the customary nature of the fees (median of $250 per hour for an attorney located in Oakland County and $269 per hour for an attorney with 16-25 years of experience), the Court concludes that the rates articulated above are reasonable. *See* Economics of Law Practice in Michigan, State Bar of Michigan (https://www.michbar.org/file/pmrc/articles/0000154.pdf).

The work performed included conducting witness interviews, engaging in discovery conferences, reviewing and analyzing document productions, as well as drafting and/or responding to three sets of discovery requests, discovery motions, and a summary judgment motion. The billing entries coincide with the timeline of this matter. As a result, the Court finds that the total hours expended are reasonable.

Having reviewed the billing records submitted by Plaintiff's counsel, the Court finds that no adjustment of the lodestar figure is required, and Plaintiff is entitled to an award of $47,354.51 in attorneys' fees and costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Court's April 23, 2020 Opinion and Order (ECF No. 69) is **GRANTED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 28, 2020